WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Servando Reynaldo Angulo,<br><br>    Plaintiff,<br><br>vs.<br><br>Unknown Harvey, et al.,<br><br>    Defendants. | No.  CV 13-1321-PHX-RCB (MEA)<br><br>**O R D E R** |

Plaintiff Servando Reynaldo Angulo, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.**     **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

## III.  Complaint

In his three-count complaint, Plaintiff sues Mesa Police Department Detective Harvey #10145, Sergeant Scantlebury #10036, Officer Ingram #13539 and unknown "doctor(s) psychologist" at the Lower Buckeye Jail. Plaintiff seeks to have his felony case dismissed, to be released from custody, to be placed back on certain psychiatric medications, and to be compensated $10,000.00.

In Count I, Plaintiff alleges that his Fourth Amendment rights were violated when he was "fals[e]ly incarcerated for traf[f]icking stolen property." Plaintiff states that on or about June 21, 2012, he purchased a beer at a Safeway store. Afterwards, he left his bike parked by the front of the store and went to smoke a spice joint and drink his beer. Plaintiff, who was heavily intoxicated and not on his psychiatric medications, returned to the store and got on the wrong bike, which was unlocked. Sergeant Scantlebury, who was in civilian clothes, approached Plaintiff and asked Plaintiff if he would sell the bike. Plaintiff told Scantlebury that he was not selling the bike.

In Count II, Plaintiff states that his Eighth Amendment right to constitutionally adequate medical care has been violated because he has not received the proper mental health care. Plaintiff alleges that for approximately five months the doctors at the jail "acted with d[e]liberate indifference in the medical treatment for psychiatric medication.

And intentionally [i]nterferes and denies medication." He states that he has not been prescribed the "same medication as prescribed at DOC."

In Count III, which he denotes as violating the Sixteenth and Seventeenth Amendments, Plaintiff alleges that his public defender, Amanda Marten, has denied him "the right to receive full discovery report due to the fact that [he] was on Rule 11.2 at the time."

The electronic docket for Maricopa County Superior Court shows that Plaintiff is currently in custody and awaiting trial, scheduled for October 7, 2013, in case #CR 2013-132707.[1] Plaintiff has been charged with trafficking in stolen property.[2]

**IV.     Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Defendants Harvey and Ingram**

Plaintiff sues Detective Harvey and Officer Ingram of the Mesa Police Department. However, Plaintiff asserts no allegations against Harvey and Ingram. Therefore, Defendants Harvey and Ingram will be dismissed.

**B.     Count I**

Plaintiff designates Count I as a Fourth Amendment claim for false incarceration in relation to a charge of trafficking in stolen property. As noted, Plaintiff is currently awaiting trial on a charge of trafficking in stolen property and seeks to have his felony

---

[1]*See* http://www.courtminutes.maricopa.gov/docs/Criminal/082013/m5905474.pdf (last visited Sept. 3, 2013).

[2]*See* http://www.courtminutes.maricopa.gov/docs/Criminal/052013/m5760076.pdf (last visited Sept. 3, 2013).

case dismissed and to be released from custody.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). In addition, the *Younger* abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

Plaintiff has not alleged that he is being subjected to double jeopardy or that his right to a speedy trial has been violated. Rather, he seeks to be released from custody and to have his felony case dismissed. Because Plaintiff's grounds for relief do not fall within the very limited circumstances in which a federal court may intercede in ongoing state criminal proceedings under the *Younger* doctrine, Count I and Defendant Scantelbury will be dismissed.

### C.     Count II

Plaintiff designates Count II as a denial of constitutionally adequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical

- 5 -

needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrs.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

1  Plaintiff alleges that for approximately five months the doctors at the jail "acted
2  with d[e]liberate indifference in the medical treatment for psychiatric medication. And
3  intentionally [i]nterferes and denies medication." He states that he has not been
4  prescribed the "same medication as prescribed at DOC." Plaintiff fails to state what
5  medication he was prescribed prior to his present incarceration, who prescribed it, when,
6  or whether it was recommended that Plaintiff continue with that medication. Moreover,
7  Plaintiff fails to allege who denied him medication, when, and the reasons for the denial,
8  if any. Accordingly, Plaintiff fails to state a claim and Count II and the unnamed
9  Defendant doctor/psychologist at the Lower Buckeye Jail will be dismissed.

### D.     Count III

In Count III, Plaintiff alleges that his public defender denied him the right to receive his "full discovery report." Plaintiff did not identify his public defender as a Defendant, but even if he had, she would be dismissed as a defendant. A prerequisite for any relief under § 1983 are allegations to support that a defendant acted under the color of state law. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). Because Plaintiff has failed to state a claim in Count III, it will be dismissed.

### V.     Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a

JDDL-K

- 7 -

first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

. . . .

. . . .

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

1   F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any
2   order of the Court).

3   **IT IS ORDERED:**

4   (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

5   (2)   As required by the accompanying Order to the appropriate government
6   agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial
7   filing fee.

8   (3)   The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff
9   has **30 days** from the date this Order is filed to file a first amended complaint in
10  compliance with this Order.

11  (4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
12  Court must, without further notice, enter a judgment of dismissal of this action with
13  prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

14  (5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a
15  civil rights complaint by a prisoner.

16  DATED this 9th day of September, 2013.

Robert C. Broomfield
Senior United States District Judge

JDDL-K

- 10 -